Maxon R. Davis
DAVIS, HATLEY, HAFFEMAN & TIGHE, P.C.
The Milwaukee Station, Third Floor
101 River Drive North
Great Falls, Montana 59401
Telephone: 406-761-5243
Email: max.davis@dhhtlaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| OPTIMUMEDICINE, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> UE-158 LLC, a Montana limited liability company <br><br> Defendant. | No. CV-25-62-H-JTJ <br><br> **COMPLAINT AND JURY DEMAND** |

## COMPLAINT

Plaintiff, OptimuMedicine, LLC, a Nevada limited liability company, for its complaint against Defendant, UE-158LLC, a Montana limited liability company, complains and alleges as follows:

**The Parties**

1. Plaintiff, OptimuMedicine, LLC, (herein "Plaintiff" or "Buyer") is a Nevada limited liability company organized and existing under the law of Nevada.

2. Defendant, UE-158 LLC (herein "Defendant" or "Seller"), is a Montana limited liability company organized and existing under the law of the state of Montana.

## Jurisdiction and Venue

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the parties are residents/citizens of different states and because the value of the matter in controversy exceeds $75,000. No member of Plaintiff is a Montana citizen.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions either occurred in and/or the contract on which the claim is based was made in the state of Montana.

## Facts Giving Rise to the Complaint

5. On March 28, 2025, Plaintiff as Buyer and Defendant as Seller entered into an aircraft purchase agreement (herein "APA") for the sale and purchase of a certain 1985 Beech 1900D aircraft, FAA Registration N38537, s/n UE-158, for the sum of $2,550,000 and certain expenses. A true and accurate copy

of said APA and all attached schedules is attached hereto and incorporated herein as Exhibit A.

6. Prior to any inspection, Seller represented that the aircraft was in airworthy condition and had undergone over 4,000 hours of maintenance on the aircraft. Buyer accordingly did not reasonably expect to find many discrepancies after the APA which was expected to be routine. In fact, the APA provided Buyer would correct any discrepancies found to be paid for from a $100,000 Seller's escrow holdback which the parties reasonably believed to be sufficient for this purpose.

7. Schedule B of the APA entitled "Required Condition" states, in pertinent part:

> "At the end of the inspection period, the AIRCRAFT will be in the following condition:
>
> 'The Aircraft must be as represented and in airworthy condition, with all Airworthiness Directives and mandatory Service Bulletins in compliance and in accordance with the Specifications provided to the BUYER via email. Additionally, the AIRCRAFT must have:
>
> '1. all systems fully operational and functioning normally in accordance with the manufacturer's specifications. . . '" (Exhibit A, Schedule B).

8.      Tender of the aircraft for delivery under Section 3.1 of the APA required Seller deliver the aircraft to buyer ". . . in the condition specified in Schedule B (the "Required Condition"). . ." Exhibit A, ¶3.1.

9.      Upon delivery for inspection under Section 3.2 of the APA, the Buyer had forty (40) days[1] to examine the aircraft and its records to determine whether the aircraft conforms to the requirements of Schedule B of the APA or, if not, to notify the Seller of correctable discrepancies to be charged from the $100,000 escrow holdback.

10.     On or about March 15, 2025, the parties agreed to have a pre-purchase inspection (herein "PPI") of the aircraft performed and on April 2, 2025, Seller arranged for the aircraft's repositioning to Yingling Aviation in Wichita, Kansas, for the inspection.

11.     On or before April 17, 2025, Yingling Aviation completed a preliminary inspection of the airframe of the aircraft and reported major discrepancies likely to exceed $100,000 for repair. There were avionics (aircraft radio) and bleed air issues and, in addition, there were sixteen major discrepancies among which were:

    1. The landing gear failed to retract.

---

[1] May 12, 2025 was the last day buyer could notify seller to reject the aircraft due to its failure to meet Schedule B conditions.

4

    2. The left pitot heat was inoperative.

    3. The autofeather tested inoperative.

    4. The left autofeather gauge light was inoperative.

    5. The EFIS auxiliary power test was inoperative.

    6. The ANN (annunciator) power source was inoperative.

    7. The fuel gauges were inaccurate.

    8. The nose wheel steering was inoperative.

    9. The left auto prop heat was inoperative.

    10. The flight director was inoperative.

    11. The right N1 digital readout was inoperative.

    12. The aircraft pressurization hardly works.

    13. The deice annunciations were inoperative.

    14. The yaw damper was inoperative.

    15.  The battery tie open position was inoperative.

    16. The left environment annunciator was inoperative.

    12.    On April 17, 2025, Buyer notified the seller that the aircraft was not in compliance with Schedule B ("Required Condition") of the APA. Buyer asked for rescission of the transaction.

    13.    On or about April 30, 2025, further inspection of the engines revealed even more discrepancies that those noted above and raised suspicions that airworthiness items signed off in the maintenance logs may not have been done or were improperly inspected, a violation of 14 C.F.R. §43.12. It was also noted that

nine (9) cabin windows designed to keep air pressure for passengers needed replacement. All of the aircraft's maintenance discrepancies appear in Yingling Aviation's records composite Exhibit B as follows and are true and accurate copies of those records:

    Exhibit B-1. Yingling Aviation Work Order Quote WOQ25-00502 for $17,510;

    Exhibit B-2. Yingling Aviation Work Order Invoice (Preliminary) dated 5-14-25 for $26,137.07 (Pre-Purchase Inspection);

    Exhibit B-3. Window thickness inspection report;

    Exhibit B-4. F1548 PC-E PS0594 Borescope Inspection Report;

    Exhibit B-5. F1549 PC-E PS0597 Borescope Inspection Report; and

    Exhibit B-6. Yingling Aviation Change Authorization 2025.04.28 (Discrepancy Report and Estimate) totaling $258,976.21.

    14.    On April 30, 2025, buyer gave seller a second rescission notice refusing to accept the aircraft, attaching a list of discrepancies found by Yingling Aviation and asking for ". . . a full, complete and unequivocal reversal of the transaction.

    15.    Plaintiff offered to tender the aircraft in its current condition back to the Seller and requested its purchase price to be returned.

    16.    On May 12, 2025, Seller refused to take back the aircraft in clear violation of the terms of the APA.

17. On June 12, 2025, having twice notified seller of the aircraft's failure to adhere to Schedule B at the time of delivery, Buyer once again, through counsel, formally reiterated the prior two instances of rejecting the aircraft by stating that the letter was a "formal, explicit, and unequivocal rejection. . ." of the subject aircraft. A true and accurate copy of said letter is attached hereto and incorporated herein as Exhibit C.

## Legal Basis For The Claim

18. Buyer is entitled to rescind the contract by notifying Seller of its demand to rescind on April 17, 2025 and April 30, 2025, within the time set by the terms of the contract to inspect the aircraft and report its condition did not conform to the requirements of Schedule B and by offering to release the aircraft to seller pursuant to § 28-2-1713 (1) and (2), Montana Code Annotated.

19. Buyer is entitled to rescind the contract pursuant to §28-2-1711 (1), (2) and (4) Montana Code Annotated on one or more of the following grounds:

   a. Consent to the contract by the Buyer was given by mistake because the aircraft, which is the subject of the contract, was negligently or falsely represented contrary to §28-2-1711 (1), MCA;

   b. The substantial defects found with the aircraft fails to conform to the requirements of Exhibit A, Schedule B ("Required Condition") due to numerous airworthiness items that needed to be addressed so that there was a failure of consideration of the

    subject matter of the contract pursuant to §28-2-1711 (2), MCA; and

c.    Tender of the aircraft to buyer for a pre-purchase inspection resulted in a failure of the aircraft to conform to representations of its airworthiness, veracity of its maintenance records and, therefore, the consideration of the aircraft failed in various materials respects pursuant to §28-2-1711 (4), MCA.

## Prayer For Relief

WHEREFORE, Plaintiff, OptimuMedicine, LLC, prays that the Court:

1. Declare the said contract rescinded.

2. Order the return of the consideration paid to the Defendant, UE-158 LLC, a Montana Limited Liability Company, for the aircraft to Plaintiff.

3. Order Defendant, UE-158 LLC, to pick up its aircraft at Yingling Aviation in Wichita, Kansas.

4. Order Defendant, UE-158 LLC, to pay for the expenses of the PPI due to the misrepresentation of the condition of the aircraft to Plaintiff.

5. Order Defendant, UE-158 LLC, to recall or causes the recall of the premature and unauthorized filing with the FAA of the aircraft bill of sale and registration falsely placing title and registration of the subject aircraft into plaintiff's name.

6. Grant such other and further relief as the Court deems just and proper.

Dated:   August 20, 2025.

                          DAVIS, HATLEY, HAFFEMAN & TIGHE, P.C.

                          By /s/ *Maxon R. Davis*_____
                              Maxon R. Davis
                              The Milwaukee Station, 3rd Floor
                              101 River Dr. N.

>Great Falls, MT 59401
>*Attorneys for OptimuMedicine, LLC*

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by a jury on all issues so triable.

Dated: August 20, 2025.

>DAVIS, HATLEY, HAFFEMAN & TIGHE, P.C.

>By /s/ *Maxon R. Davis*
>Maxon R. Davis
>The Milwaukee Station, 3rd Floor
>101 River Dr. N.
>Great Falls, MT 59401
>*Attorneys for OptimuMedicine, LLC*